IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSIAH GAMMILL,

    Defendant.

Case No. 21-CR-140-JFH

## OPINION AND ORDER

Before the Court is a motion to withdraw plea of guilty ("Motion") filed by Defendant Josiah Gammill ("Defendant"). Dkt. No. 122. The United States of America ("Government") opposes the Motion. Dkt. No. 126. For the reasons stated, the Motion is DENIED.

## BACKGROUND

On January 27, 2023, Defendant pled guilty to one count of second degree murder in Indian country. Dkt. No. 117. He entered a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which stipulated that "the appropriate disposition in this case is a sentence of at least 420 months or 35 years of imprisonment up to 624 months or 52 years of imprisonment." Dkt. No. 118 at 11. The parties also filed a plea agreement supplement under seal. Dkt. No. 119. Defendant filed his Motion on April 26, 2023, while awaiting sentencing. Dkt. No. 122. The Motion reads in its entirety:

> Defendant Josiah Gammill, by and through his attorney, Shane McMahon, and *at the specific request of Mr. Gammill* moves the Court to allow Mr. Gammill to withdraw his plea of guilty.
>
> THEREFORE, pursuant to Federal Rule of Criminal Procedure 11(d), Mr. Gammill respectfully requests that this Honorable Court allow him to withdraw the plea of guilty he entered on January 27, 2023.

*Id.* (emphasis in original).

## AUTHORITY AND ANALYSIS

Federal Rule of Criminal Procedure 11 provides, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes a sentence if:  the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Cr. P. 11(d)(2)(B).  The Defendant bears the burden of establishing a "fair and just reason" for the withdrawal of a plea. *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).  In determining whether Defendant has met this burden, the Court considers the following factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Id.*  It is within the Court's sound discretion to determine what circumstances justify granting such a motion. *Id.*  The Court finds the Motion should be denied for four distinct reasons.

First, Defendant provides no discussion of any of the Tenth Circuit factors, nor any justification at all, for his requested relief.  Dkt. No. 122.  The Motion simply states it is Defendant's "specific request" that he withdraw his plea. *Id.*  Given Defendant's utter silence as to any fair and just reason for withdrawal, he has not carried his burden and the Court finds no grounds for Defendant to withdraw his plea.

Second, the record of Defendant's change of plea hearing is clear that the plea was appropriately conducted.  The United States Magistrate Judge taking Defendant's plea thoroughly inquired as to the knowing and voluntary nature of the plea.  Dkt. No. 125.  During the hearing, the Magistrate Judge inquired whether Defendant fully discussed the charges and the case in general and any defenses he may have with his counsel; was fully satisfied with the counsel, representation, and advice his attorney provided him; and read the plea agreement and understood

its terms. *Id.* at 7:23-8:14. Defendant answered affirmatively to each. *Id.* Defendant also answered affirmatively that it was his intent to plead guilty of his own free will because he is guilty. *Id.* at 10:19-21. The Magistrate Judge and Defendant reviewed the nature of the charge against him, the maximum penalty he could face, and other possible consequences including loss of valuable civil rights such as the right to vote, to serve on a jury, or to serve in public office. *Id.* at 11:7-12:22. The Magistrate Judge also confirmed that Defendant understood how the United States Sentencing Guidelines applied to his case, the nature of the stipulation as to imprisonment contained in the plea agreement, and the various waivers in his plea agreement. *Id.* at 12:23-16:23.

Third, Defendant waived his right to seek withdrawal of his plea. The Motion invokes Rule 11(d) as its sole ground for withdrawal. However, the parties' plea agreement states, "The defendant hereby WAIVES any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except if the Court determines that the government has breached the plea agreement as set forth above, and except as provided in Fed. R. Crim. P. 11(c)(1)(C)." Dkt. No. 118 at 14.

Finally, the Government's response sets out multiple reasons why withdrawal would not be "fair and just" here. Dkt. No. 126. Based on the record described above, the Government argues that Defendant has not effectively asserted his innocence; the Government would be prejudiced, the Court inconvenienced, and judicial resources wasted if Defendant were allowed to withdraw his plea; Defendant was effectively represented; Defendant's plea was knowing and voluntary; Defendant would be likely to be convicted based on the factual basis set out during his change of plea hearing; and Defendant waived his right to withdraw his plea in his plea agreement. *Id.* The Court finds these arguments persuasive.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to withdraw guilty plea [Dkt. No. 122] is DENIED.

DATED this 22nd day of May 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE